[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15869
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00322-TJC-TEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL WILLIAM VIGIL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 21, 2012)

Before PRYOR, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Daniel Vigil appeals his 135-month sentence imposed after pleading guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a).  On appeal, Vigil argues that the district court imposed sentences that were procedurally and substantively unreasonable.

We review a sentence imposed by the district court for reasonableness, using a two-step deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 46, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007); *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).  The party challenging the sentence has the burden to establish that the sentence is unreasonable.  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

We first must determine that the "district court committed no significant procedural error."  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  Significant procedural errors include improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, basing a sentence on clearly erroneous facts, or failing to provide an adequate explanation for the chosen sentence.  *Id.*  If a district court applies a variance from the guidelines, the "justification for [it] must be sufficiently compelling to support the degree of the variance." *United States v. Irey*, 612 F.3d 1160, 1187 (11th Cir.2010) (en banc)

2

(quotation omitted), *cert. denied*, 131 S.Ct. 1813 (2011).

If the district court's decision is procedurally reasonable, our analysis then turns to the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 46, 128 S.Ct. at 594. We review the totality of the facts and circumstances to gauge for substantive error. *United States v. Irey*, 612 F.3d 1160, 1189-90 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011). Under the deferential abuse-of-discretion standard, we will remand for resentencing only when "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).

In this case, Vigil's sentence was procedurally reasonable because the district court correctly calculated the advisory guideline range, adequately considered the § 3553(a) factors, and sufficiently explained its rationale for an upward variance. *See Gall*, 552 U.S. at 51. Although the district court asked the probation officer to calculate an alternative guideline range, the record does not reflect that the district court actually relied upon this alternative calculation in formulating Virgil's sentence. Vigil has not met his burden of demonstrating procedural unreasonableness.

3

Regarding Virgil's claim of substantive unreasonableness, the court explicitly considered the § 3553(a) sentencing factors, including the characteristics and conduct of the defendant, and that the sentence be sufficient but not greater than necessary to achieve the purposes of sentencing.  The sentencing court observed that Vigil engaged in a "crime spree" by committing four bank robberies in a six-day span, all while on supervised release for a previous armed bank robbery.  Vigil has not met his burden to show that his 135-month sentence was substantively unreasonable.

**AFFIRMED.**